The next case this morning is 522-0658, Vogelpohl v. Hacker. Arguing for the appellant is Thomas Magg. Arguing for the appellee is Priyanka Gupta. Each side will have 15 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please know that the clerk is permitted to record these proceedings. Good morning, counsel. Excuse me. Good morning, your honor. Mr. Magg, are you ready to proceed? At court's pleasure. Then go right ahead. Thank you very much. May it please the court, counsel. My name is Thomas Magg. I represent the plaintiff appellant, Jeffrey Vogelpohl. This is a case brought under the Federal Civil Rights Act, 42 U.S.C. 1983, for a violation of the Second Amendment rights of my client, as incorporated by the 14th Amendment. The bottom line of this appeal is that the trial court dismissed this case for allegedly not exhausting administrative remedies. The problem with what the trial court did is that the U.S. Supreme Court in 1982, over 40 years ago, in Patsy v. Board of Regents of State of Florida, ruled that in federal civil rights cases like this, you do not have to exhaust your administrative remedies. State administrative remedies are irrelevant to civil rights cases brought under the federal civil rights statute. This was argued to the trial court that, in total candor, this court did not seem to understand that we were talking about a decision of the U.S. Supreme Court from 40-something years ago, and instead the trial court kept focusing on how it disagreed with the Bruin case, a more recent federal Second Amendment case. As a result of the trial court's actions, this case was dismissed with prejudice for lack of subject matter jurisdiction, which, again, you don't dismiss cases for lack of subject matter jurisdiction with prejudice. That would be a without prejudice dismissal, even assuming that the Patsy case didn't exist. Counsel, you did not file a stand-alone challenge to the constitutionality of the Foyd Act, did you? No, we did not. We challenged the as-applied in this case under these facts. Well, weren't you just trying to avoid doing that by the procedure you followed? If you're asking me if I'm challenging the constitutionality of the Foyd Act, per se, then the answer to that question is a facial challenge, no. Is it an as-applied challenge under these facts? Yes, but I'm certain that the court, the Illinois Supreme Court, would come up with some example where the Foyd Card Act was constitutional, and, therefore, it would not be appropriate to make a facial challenge, only an as-applied challenge. Well, why wouldn't it be appropriate in light of the Bruin case and the Heller case? It may well be, but that's just not our case here. We don't seek that relief in this case. We seek more narrow relief. Well, see, my question is, aren't you seeking that relief without filing the appropriate claim? No, our relief that we request is that a Foyd Card be issued, not that the Foyd Card Act be stricken as unconstitutional. It's like in the Heller case. Mr. Heller sought an order from the Supreme Court directing Washington, D.C., to issue a registration certificate for his revolver, not to declare the Registration Act in Washington, D.C., unconstitutional. And the relief he obtained in Heller was an order directing Washington, D.C., to issue a registration certificate for his revolver. Did you pursue a claim for expungement before you filed this case? No, we did not, but then we don't have to under Patsy. All right. Mr. Magg, you filed a 1983 action in federal court, very similar to the tactic you took in this case in Horsley v. Tram, didn't you? It was a similar case, different facts. Horsley challenged whether or not concealed carry licenses could be barred to people from other states. I thought that was a parental consent case. You brought it as a 1983 action. You're correct. You're correct. I apologize. Right. You were the lawyer who brought a 1983 action in federal court here in the Southern District. I brought several. Jessica Tram, in her position as chief of the Illinois State Police Firearm Safety Bureau, said there was no subject matter jurisdiction, correct? That's what they claimed. The court found it had subject matter jurisdiction. That is accurate. And it found it did not have to exhaust administrative remedies under 1983? That is accurate as well. Why didn't you bring this case in federal court the same way you brought the Tram or Horsley case? I could have. I thought that the circuit court and the state courts of Illinois are equally competent to adjudicate federal civil rights cases. And frankly, I think they sometimes work a little faster. Okay. I was just curious because it seemed to me that the issues were the same as far as 1983. It's the exhaustion of administrative remedies. Those are identical. That is accurate. But, of course, under the Federal Supremacy Clause and the U.S. Constitution, judges in the state courts are obliged to enforce federal law. Okay. Thank you. Thank you, Your Honor. That is, in essence, the crux of the plaintiff's case here, that the trial court limited its ruling to finding lack of subject matter jurisdiction due to a failure to exhaust administrative remedies. We never got to the merits of anything. So we have appealed the denial or the dismissal for a failure to exhaust administrative remedies as being contrary to Patsy V. Board of Regents 1982 and request that this court vacate the dismissal order and remand the case back to the trial court with directions to proceed without regard to whether my client has exhausted any administrative remedies. Alternatively, we ask that the case which was dismissed with prejudice for lack of subject matter jurisdiction have that changed to without prejudice. But I don't think that Your Honors get to that because I think Patsy is controlling and results in a remand with directions to further proceed. Unless the court has any other questions, it's a simple argument and it is controlled by Patsy. Thank you. Well, thank you, Mr. Mag. Before we turn it over to Ms. Gupta, Justice Cates or Justice McKinney, do you have any questions at this time? No. No. All right. Obviously, Mr. Mag, you'll have your time for rebuttal as well. Thank you. Ms. Gupta, go right ahead. May it please the court, Assistant Attorney General Priyanka Gupta for the defendant. I want to first start by clarifying that our position has never been that Mr. Vogelpoel needs to exhaust administrative remedies to bring the Section 1983 action. Instead, our position is that the circuit court lacks subject matter jurisdiction to hear this action because although Mr. Vogelpoel labels his complaint as a 1983 action, in essence, he was asking the court to review the correctness of ISP's decision. And I will note that the circuit court's order on page 134 dismisses case for lack of subject matter jurisdiction but did not mention the exhaustion of remedies. But in any event, this is, of course, de novo review. Ms. Gupta, before you go on, I want to make sure I understand what you just said. The state concedes that you do not have to exhaust administrative remedies under Section 1983. Yes, Your Honor, and we have never argued to the contrary. The problem here, Your Honor... And let me just make sure I understand the next one. Your argument is with the way Mr. Meg filed his pleading. You don't think it states a cause of action under 1983. That is part of our argument, Your Honor, but our first part is not about whether it states a claim, but whether the allegations are in this theory of liability of 1983 or whether they're, in essence, asking this court to review ISP's decision. So it's a similar inquiry, but it's more of a threshold jurisdictional inquiry about... No, Your Honor. I think if it's helpful for me to clarify, a useful decision on this point is a city of Chicago case that we cite on page 14 of your brief. So there, the plaintiff said they were bringing an equitable claim of unjust enrichment, and the Illinois Supreme Court looked at the allegations of the complaint and said, okay, the plaintiff says they're bringing an equitable claim, but really, they're bringing a statutory claim. And the court lacks jurisdiction over that claim because the agency needs to resolve it. So that's the same type of analysis we're asking the court to undertake here. Okay. To look at the... And if we look to the allegations in the first... What is the citation on that case? Yes, Your Honor. That is on page 14 of our brief. It is city of Chicago versus city of Kankakee, 2019, Illinois, 122878. And paragraphs 24 and 45 are particularly helpful. And, Your Honors, if we look at the complaint here, as the court noted in its earlier call with the opposing counsel, the factual allegations here, which we're looking at for purposes of jurisdiction, show that Mr. Vogelpol is in fact challenging whether ISP's decision was correct. Counsel suggested that he might be bringing an as-applied statutory challenge, but he's never claimed that's what he's bringing. At paragraph 3, it says, plaintiff has never been convicted of any felony charge and is not prohibited under state law. So there's never been a challenge that the Floyd Act as applied here is unconstitutional. Forcely against frame is different in that respect. There, the plaintiff was challenging a statutory requirement of the Floyd Act, the signature requirement, in claiming that it was unconstitutional, either facially or as applied. Here, there is no similar claim. To be sure, counsel goes on to cite the Second Amendment, but that attaching that label isn't there. There are other allegations, such as if you look at paragraph 6 and 7, counsel says that the basis for which why the application was revoked was because Mr. Vogelpol is a convicted felon, and then he contests whether he is a convicted felon. So all these allegations get into whether the basis for ISP's decision was correct. There is, of course, a mechanism for resolving these claims. We're not saying that there isn't, but that's to go to the director of ISP, not to claim that this is a constitutional violation. Otherwise, what will happen is that anytime someone thinks that ISP made a mistake in processing their Floyd card application, they could say that that was a constitutional violation and rush into even federal court and ask it to supervise whether the agency's decision was correct. But the General Assembly has already created a mechanism for resolving these concerns, and Mr. Vogelpol has chosen not to go through that mechanism. Again, I'm not saying that he couldn't bring a constitutional challenge today. He could say the Floyd Act, as applied insofar as it bars someone from my position from having a Floyd card, is unconstitutional. But that's never what he's reported to say. He said that the Floyd Act doesn't bar him from having a Floyd card, and ISP simply got it wrong in applying the law to his situation. That, at its crux, is a claim that ISP's decision should be reviewed because it's wrong. Ms. Gupta, it sounds to me as though you don't like the way Mr. Magg pled his case. That's what you're arguing. Do you agree with me that 1983 allows concurrent jurisdiction in both the federal and the state court? Yes, Your Honor. So, the state police, if you will, which is the defendant here, do they have exclusive jurisdiction over anything that you're arguing? Yes, Your Honor. Under the Floyd Act, they have exclusive jurisdiction for these types of offenses to resolve challenges to the Floyd revocation. Do they have exclusive jurisdiction, or is their decision reviewable? Your Honor, their decision is reviewable by the circuit court under the administrative review law. Mr. Volkopol has never claimed that he's bringing a complaint for administrative review of an agency decision. If that is what he was bringing, that's when exhaustion would be relevant about whether he could skip this administrative step. Okay, but I'm getting back to your subject matter jurisdiction argument under the City of Chicago case. In the City of Chicago case, there was exclusive jurisdiction in the agency under which they were trying to bring the equitable claim. Your Honor, the agency had exclusive jurisdiction to resolve the statutory claim. There, the plaintiff said they were bringing an equitable claim, but the Illinois Supreme Court said, although that's what you say you're bringing if you look at your allegations, so they were looking at the pleadings, you're really bringing a statutory claim, and that decision is not an isolated one by any means. I don't disagree with your general proposition of law. What I'm concerned about is when you have a 1983 claim that the state is now alleging that you don't like the way it's pled, so we want you to plead it this way, and I think a plaintiff has a right to direct their own complaint as long as it's pled properly. Yes, Your Honor. But that's not what the state is doing. The state isn't challenging. You didn't, in under 1983, for example, you didn't allege arm. Your Honor, I'm sorry. We do have that as an alternative argument that if this court finds it has subject matter jurisdiction, it should find that Mr. Rogopoul failed to state a claim. I just wanted to clarify that my initial subject matter jurisdiction argument isn't that we don't like how he's pled his claim, but what the complaint shows is that it says that it's a Second Amendment claim, but that's not pled. If he had pled a Second Amendment claim, he could bring it any way he wants, but it has to be a Second Amendment claim, not a challenge to ISP's decision. But, of course, if this court were to find it has subject matter jurisdiction, our position is that Mr. Rogopoul did not state a claim for relief under the Second Amendment. So that is a backup argument we are making. I know, but under the way the court dismissed this case, what do you interpret that order to mean? Well, Your Honor, the court said, if you would allow me to just quote from the order quickly, that this court lacks subject matter jurisdiction over this cause of action, as the FOIA Act requires that this matter be appealed to the Director of State Police rather than to a circuit court. And so, again, it didn't mention exhaustion. We agree there's a lack of subject matter jurisdiction. That said, this order is being reviewed de novo. So if this court were to find that it has subject matter jurisdiction, we believe it could address our alternative argument. But how do we do that if it was not addressed at the trial court? Simply, Your Honor, because it's a pure issue of law, and so we believe to conserve judicial resources, this court can resolve that question. We still think the court must assure itself of jurisdiction first. So this is, of course, if you disagree with us on that first step. Well, in response to that comment, if you want us to review that alternative argument, then there would be two procedural methods, as I understand the Code of Civil Procedure. You would have a 2-615 or a 2-619A affirmative matter. And then you would want us to pick the affirmative matter under which 619 might apply. So I don't understand. Excuse my noise. I don't understand how you want us to review the alternative matter when we have two different statutes and we have to make the selection where you haven't done that in the trial court. Your Honor, we did bring a combined motion, but I understand Your Honor's point. And if the procedural bar is a block, then we would address this on remand if the court permits. But I did want to address the first step still, the lack of subject matter jurisdiction, to see if I can perhaps try and be more clear about why our argument is not failure to state a claim, but it is, in fact, simply looking at the allegations. I agree with Your Honor that the plaintiff is the master of his complaint, but that general notion is not enough. So counsel cites the Keeley case where the court made that point. And even in that case, if you look at Concite 534 of Keeley, this court went on to say the plaintiff's, and I quote, theory of liability against the defendant hinges upon its allegations that, close quote. So this court then went through the plaintiff's allegations to see whether it matched up this label that plaintiff said it had. And in that case, it conducted that review of the allegations and found that it did match the label. We're asking this court to conduct that same type of review as it did in Keeley, but simply to come to the conclusion here that the actual allegations show that the plaintiff was really just bringing a challenge to ISP's decision. And on that note, I also want to point out that in the original complaint that Mr. Vogelpohl filed, the factual allegations were nearly identical. And we argued below that he was simply trying to get review of ISP's decision. The court dismissed that first complaint and gave him another chance. And then in his second chance, when he filed the complaint we're talking about today, he repeated the same factual allegations. And then he slightly expanded on them to add paragraph seven, which again contests whether in fact his void card should have been revoked. And then it simply added references to the Second Amendment in Patsy. That's what we're saying plaintiffs can't do. They can't say, I have a constitutional claim, but not plead. Illinois is a fact pleading state, plead any facts at all and simply come into court instead of going through the process that the General Assembly created, because that will create a dangerous situation that anytime someone thinks ISP is wrong, rather than pleading a Second Amendment claim, for example, based on the statute as applied to them, they could simply challenge ISP's decision and say it's a Second Amendment claim. That will be a waste of judicial resources because there is already a process for resolving those types of claims. That's not jurisdiction. What you're talking about when you talk about waste of judicial resources, that's not jurisdiction. Yes, Your Honor, I understand. You must be aware of the Horsley case that Mr. Mag filed in the federal court. And the court, he did the same thing. He brought it as a 1983 case. And the court ruled that it had jurisdiction. Yes, Your Honor. And we think actually Horsley is a good example for why this case is different. There, Mr. Mag said he was challenging a statutory requirement in the complaint. The requirement about signatures for minors. Here, there's no similar type of allegation about which statutory requirement he's challenging, how it's unconstitutional as applied to him. It doesn't have to be unconstitutional if it's a 1983 action. Yes, Your Honor, because 1983 civil rights action. He's not really brought an as applied constitutional claim, which is what you want to box him into. Well, Your Honor, I know I'm running out of time. I just want to know under 19. You have as much time as you want. As long as I'm asking the question, Your Honor. I would love to clarify that point under 1983. Your Honor is correct. He doesn't have to bring just a constitutional claim. He could bring a federal law was being violated. But here he's pointing to he hasn't even cited any federal law that's being violated. And to the contrary, in paragraph three of his complaint, he says no federal law prohibits his client from having a FOIA card. But what you can't do under 1983, and this is a minor at small, is allege a violation of state law. Courts have been clear that that's what 1983 is not for. It's only for federal civil rights, as Your Honor mentioned. So the reason I was bringing up constitutional claims is because that's what I thought Mr. Mag claimed he was bringing a Second Amendment claim. So that was the universe I was operating in. If you wanted to bring an alleged claim of some other type of federal law being violated, he could also have done that. But he simply doesn't come to anything laws in his complaint. So, again, I'm not trying to write his complaint for him, but he has to leave something that's in line with the label. Just the label is not enough. And that's why we have a problem here. So you're saying he never mentions 1983? He does, Your Honor. But under 1983, there needs to be a substantive either law or constitutional provision that's being violated. You can't just claim that 1983 is being violated. You have to point to either a constitutional right or a federal statute. I understand that you have filed a 2-615. You filed a 619.1 combined motion to dismiss, which would incorporate 615. So if you brought a 2-615 motion to dismiss, then you would attack the sufficiency of his claim. In other words, could he ever plead a 1983 claim as he's got it pled? Yes, Your Honor. But the court would have jurisdiction, potentially. Yes, Your Honor. I'm simply saying there is no jurisdiction because of the cases like City of Chicago. Because if you look at the allegations, there's no – he simply says 1983 and Second Amendment. And he doesn't make any factual allegations in service of the Second Amendment claim. And that's a problem here. We're not saying that he's failing to state a claim at that first step. We're saying that under a well-settled case law, like the City of Chicago and other cases cited in our brief on the same page, simply the label is not enough just to make some allegations in service. Well, I'm just not so sure that City of Chicago is applicable. I don't understand how it's applicable. When you're talking about the Supreme Court saying statutorily there's exclusive jurisdiction by the language of the statute within an administrative agency. I don't think that applies here. Your Honor, the reason – Tell me why I'm wrong. Thank you, Your Honor, for the opportunity to clarify. The reason I think it applies is because here, too, an agency has exclusive authority to resolve a certain type of claim, which is whether ISP's decision was correct. So the Illinois Supreme Court in that decision, before it went into whether the plaintiffs stated a claim or not, they said, do we have jurisdiction to hear this claim? And they said, well, the plaintiff says it's bringing an equitable claim. If that's true, we do have jurisdiction. But then the Illinois Supreme Court looked at the allegations, and it said, well, the plaintiff might think or say they're bringing an equitable claim, but really they're bringing their statutory claim, and we don't have jurisdiction to hear that. So if you apply that analysis to this case, the plaintiff says they're bringing a Second Amendment claim. If that's true, as shown by the allegations, then this court has jurisdiction. But if the allegations don't support that fear of liability, setting aside whether it states a claim, whether the allegations at least look like a Second Amendment claim, then if that's not fulfilled, the court doesn't have jurisdiction because it's a different claim. So we have three potential possibilities in this case, as I hear you argue. We have a 1983 claim, which you don't think is pled properly, right? Your Honor, just to clarify, our position is not that it's pled properly, it's that he's offered no allegations to support that cause of action to show that he's pleading. Okay, I'll agree with that. So we have a 1983 action. If he pled it properly, you agree he does not have to exhaust administrative remedies? Yes, Your Honor. The second opportunity that he has is he could have pled a Second Amendment constitutional as applied claim. And that where there would be jurisdiction for. So, Your Honor, I'm sorry to interrupt you, Your Honor. I apologize if I was unclear. We don't think there's any standalone Second Amendment claim that's brought under Section 1983. And that's what Mr. Rogopol says he's doing here. We're simply saying that it's not enough to simply say you're bringing a Section 1983 claim, regardless of whether you state one, you actually have to be bringing that claim. Either way, if he had stated that correctly, the constitutional violation, you would agree there would be jurisdiction? I think it would still, on the purpose of exhaustion of remedies, I don't want to waive any other defenses. But we do agree that there's no exhaustion required. Okay. 1983 claim. So if there's no exhaustion required under this constitutional issue, there would be jurisdiction? Subject matter jurisdiction? I, again, don't want to take any position on what we might raise before the trial court if we notice anything else with subject matter jurisdiction. I'm just asking for purposes of my question. I'm trying to get to your third issue, which is where you say you have exclusive jurisdiction. Oh, yes, Your Honor. Yes, there would be subject matter jurisdiction if this was really a 1983 claim beyond just the label. Okay. So now we're to your argument, which is where you claim that the state police has exclusive jurisdiction to decide whether or not this person gets a void card. Yes, Your Honor, until there is then a next level of judicial review, but the agency has exclusive jurisdiction to make that first determination. And that's uncontested. I believe Mr. Volkopol agrees that if he were bringing an action for review of this decision, he would have had to go to the director of ISP. But you acknowledge that the plaintiff claims he's not bringing this action for review. Yes, Your Honor. We're simply saying that respectfully, that broad claim is not enough because Illinois courts are clear that it's not the label that you attach to your claim. It's the allegations that define the cause of action. We've cited other cases making that point, the Lovegren case, the Finley case on page 14 of our brief. So City of Chicago is not a standalone. Again, we're not saying whether we're just saying to take a quick look to see, is the plaintiff really bringing a second amendment claim under 1983 based on these allegations? Or is the plaintiff trying to do something else? Is the plaintiff really just trying to get review of ISP's decision? If so, there is a process for that. Okay, then let me ask you this. How does the trial court on October 13th, 2022, if it has no jurisdiction, dismiss a claim with prejudice? Your Honor, we do agree that for subject matter jurisdiction dismissals are not with prejudice. We don't think that any modification is necessarily needed because, of course, it's the substance of the order that matters, not the label the circuit court attaches. And then what happens is if Mr. Volkopol goes to file another action, that circuit court would decide whether it was precluded. So we don't think any modification is required. There's plenty of examples of that. The City of Chicago case is one where the court affirmed the judgment, which was with prejudice, even though there was no jurisdiction. But, yes, we agree there's no res judicata effect. Well, my problem is with something you said earlier, and that is that the court doesn't give its reasons for dismissal except to say it's under 619A1. And I'm sorry, Your Honor, just to clarify, that's the obstacle to reaching alternative arguments? Right. I understand, Your Honor. We do believe that on de novo review, notwithstanding those statutory distinctions, the court can affirm on any basis supported by law or the record. And we believe alternative arguments, both that he didn't state a claim and that ISP properly denied his FOIA card, those are issues of law. And so that's why we think the court could reach them. But, again, I just want to clarify that what we're asking the court to do in the first instance is simply to take a look at the complaint. And if you look at the allegations, not whether does this set up an amendment claim, but rather, is this a Second Amendment claim? Or is this really just an attempt to get review of ISP's decision without going to ISP? And the allegations here, which are largely similar between both complaints, show that it's really just an attempt to get a review of ISP's decision. Even if you look at the relief, it all concerns just the FOIA card. There's no, for example, request that something be declared unconstitutional under the FOIA Act. So there's just regardless of what it could be, there is no allegation that the FOIA Act is unconstitutional as applied facially, that it should be declared as such. There's simply nothing there that would suggest that the plaintiff is actually bringing a 1983 claim other than citing 1983 in the Second Amendment. And that's it. Thank you, Your Honor. Well, thank you, counsel. Excuse me. Before we move on back to Mr. Mag, Justice McKinney or Justice Cage, do you have any final questions for Ms. Gupta? No. Thank you. Mr. Mag, go right ahead. Thank you, Your Honor. I'll try to keep it brief. In this case, it is very clearly planned, and among other places, paragraph 14 of the First Amendment complaint, the plaintiff has a constitutional right to keep and bear arms, so on and so forth, under the Second Amendment and the Fourteenth Amendment as incorporated. Plaintiff very clearly cites 242 U.S.C. section 1983 in the complaint. Plaintiff very plainly pleads an unconstitutional policy and practice. We cite the passing that there's no obligation to exhaust administrative remedies. I understand and appreciate that the state does not like this lawsuit, but this lawsuit, the court has subject matter jurisdiction to hear this lawsuit. If the state wants to challenge whether or not sufficient facts have been pled, that's something that the trial court can take up on a remand. That wasn't a part of the trial court's order. That would not be appropriate for this court to decide on appeal. The issue before this court is, A, is a plaintiff in a federal civil rights case required to exhaust administrative remedies? From what it sounds like, the state is all but conceded at this point. The answer is no. And is it appropriate to dismiss with prejudice a case dismissed for lack of subject matter jurisdiction? Again, it sounds like the state has basically conceded that that's not appropriate either. So I would ask that this court reverse trial court's dismissal, failure to exhaust administrative remedies, and send this remand this back to the trial court with directions to proceed as though it has subject matter jurisdiction, because it does. And I'm happy to answer any questions the court may have. I guess I have too many questions, Mr. May. I don't understand how a trial court without jurisdiction denies a preliminary injunction and grants leave to file an amended complaint. I agree with you. I mean, if the court had no subject matter jurisdiction, it would be obliged at the instance to say, I have no jurisdiction to proceed. When did the state first raise this issue of subject matter jurisdiction? If it didn't raise it at the preliminary injunction stage and the allowance of an amended complaint? I know that they raised it after the first amended complaint had been filed. I believe, although I'd have to look at the record to ensure that they raised it at the stage of the original complaint being filed. And yet the court went on to make substantive rulings. Yes. Why didn't you amend the complaint more substantively after the state filed their memorandums and their combined motion to dismiss, claiming that your 1983 action didn't support a 1983 action? Because I believe it does support a 1983 action. If the trial court had ruled that I had failed to plead some necessary fact, I, of course, would have asked for leave to amend to correct that, assuming it's something I thought I could appropriately plead and prove. But I believe that I have stated a 1983 cause of action. Okay, thank you. Thank you, Your Honor. Justice McKinney, do you have any questions? No. Anything further, Justice Cates? No, except I need a drink of water. Well, counsel, thank you, obviously, for your arguments. We will take the matter under advisement and issue an order in due course and wish you all a great day. Thank you so much.